**Bobby D. PFEFFER, Appellant,**

v.

**Joe E. SHADDOCK et al., Appellees.**

**No. 17764.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 22, 1976.

 

William G. Herrmann, Harker Heights, for appellant.

Fillmore, Lambert, Farabee, Purtle & Lee, and Larry L. Lambert, Wichita Falls, for appellee, Joe E. Shaddock.

Joe E. Shaddock, Wichita Falls, for appellee, Town & Country Mobile Homes, Inc.

Neil Clinkenbeard, Killeen, for appellee, First National Bank, Killeen, Texas.

OPINION

SPURLOCK, Justice.

This is a suit by Bobby D. Pfeffer against Joe E. Shaddock, Town & Country Mobile

Homes, Inc., and First National Bank of Killeen, for alleged wrongful garnishment. Plaintiff contends that this garnishment after judgment is wrongful because it is based on a default judgment obtained after service by publication, which judgment is void on its face for extrinsic fraud. The suit seeks to set aside the judgment and restrain the Bank from transferring any of plaintiff's accounts during the pendency of this suit and for a money judgment against the other two defendants.

A non-jury trial resulted in a take-nothing judgment and the dissolution of a temporary injunction theretofore issued. Plaintiff appeals.

Judgment affirmed.

The facts giving rise to the proceedings are as follows: Defendant, Town & Country Mobile Homes, manufactures mobile homes. Its plant is in Wichita Falls, Texas. Prior to January, 1970, plaintiff was one of its dealers in Del Rio, Val Verde County, Texas. The original suit was brought by Town & Country Mobile Homes, Inc., hereinafter referred to as Town & Country, against Pfeffer for alleged debts incurred in connection with the business transactions had between those parties. Pfeffer as plaintiff in the second suit, filed in the same court, sued Town & Country and Shaddock, alleging, as to these two defendants, that Shaddock, the attorney of record for Town & Country, filed a false and fraudulent affidavit for citation by publication, alleging that they were unable to locate the whereabouts of Pfeffer and that he was a transient person, when in fact Town & Country and their attorney failed to discover that the sales manager for Town & Country knew the residence of Pfeffer; and this fraudulent act resulted in Pfeffer suffering a default judgment to be rendered against him.

The record reflects that after suit was filed, the following efforts were made to obtain personal service upon Pfeffer:

April 13, 1970—Citation sent to Del Rio, Val Verde County, Texas, with letter stating Pfeffer could be served at Amistad Mobile Home Sales, 1701 Ave. F., Del Rio, Texas.

April 15, 1970—Unserved by Sheriff. Return states Pfeffer lives in Stafford, Texas.

April 20, 1970—Shaddock writes clerk to send citation to Mike Herron Mobile Homes, 3737 South Main, Stafford, Texas.

April 21, 1970—Citation sent to Sheriff, Fort Bend County, Texas, advising sheriff Pfeffer could be found at Mike Herron Mobile Homes, 3737 S. Main, Stafford, Texas.

Sheriff's return states that Pfeffer had moved to 17930 Hempstead Highway, Harris County, Texas.

August 6, 1970—Shaddock writes clerk to send citation to 17930 Hempstead Highway, Houston, Texas.

August 7, 1970—Citation sent to Houston, Harris County, Texas, advising sheriff Pfeffer could be served at 17930 Hempstead Highway, Houston, Texas.

August 12, 1970—Unserved by Sheriff. Return states new address 3737 S. Main, Stafford, Fort Bend County, Texas.

After the above efforts to obtain personal service on Pfeffer proved unsuccessful, Shaddock then filed on November 16, 1970, an affidavit for the issuance of citation by publication.

November 24, 1970—Citation by publication issued.

March 24, 1971—Default judgment was rendered against Pfeffer.

On October 6, 1975, judgment was rendered denying Pfeffer any relief and dissolving the temporary injunction. No findings of fact or conclusions of law, under Rule 296, T.R.C.P., were requested or filed.

Findings of fact contained in the judgment are: (1) plaintiff has failed to prove by a preponderance of the evidence that there was any extrinsic fraud, accident, or mistake which caused rendition of the previous judgment; (2) plaintiff has failed to establish by a preponderance of the evi-

dence a meritorious defense to the original cause of action; and (3) attorney Shaddock's affidavit for citation by publication was not false or fraudulent.

Plaintiff testified that after closing his dealership in Del Rio, Val Verde County, in January of 1970, he worked until the latter part of February, 1970, for a Ford dealership in Del Rio. During the latter part of March, 1970, he began working for Mike Herron Mobile Homes. Pfeffer's family remained in Del Rio until June, when they moved to Hempstead, where they lived until 1972 when they moved to Bellville.

The original suit was filed on April 13, 1970. Plaintiff testified that during that same month and probably the latter part of April, plaintiff met Bill Morrison, the sales manager for Town & Country, at a mobile home show in Houston. While they were having some drinks and attending a striptease show, plaintiff told Morrison that he was working for Mike Herron in Stafford, Texas.

Mike Herron testified that he is in the mobile home business. Plaintiff worked for him in this business from March, 1970, until early 1971. Pfeffer was an experienced man and Herron moved him back and forth between two of his places of business which are located at 3737 South Main, Stafford, Texas, and on the Hempstead Highway, Harris County, Texas.

Shaddock testified that neither he nor his client had any knowledge of any address where Pfeffer might be served except the addresses that he had furnished the Sheriffs in the three counties as indicated by the returns herein described.

On the issue of meritorious defense plaintiff testified that he may have sold some mortgaged mobile homes out of trust, without accounting to Town & Country for the proceeds. He admitted that he may have owed Town & Country at the time their relationship was severed, that he had never made any payments, that his books had been lost, that he does not know if their charge of $12,000.00 is valid, that in effect

he had no defense at the time the suit was filed, but if the judgment were set aside as being void he would have a complete defense to the cause of action because it would now, in 1975, be barred by the statute of limitations or laches.

After citation by publication was issued and after return was made thereon, the court appointed an attorney ad litem for Pfeffer and the case proceeded to trial, resulting in a judgment against defendant. In the original proceedings the Secretary-Assistant Treasurer of Town & Country testified that he, as Secretary, had the care and custody of all the records of the corporation and was familiar with the dealings with Pfeffer. He testified that the three addresses in Del Rio, Stafford, and Harris County are the only addresses he had where Pfeffer might be located. He had been unable to locate Pfeffer through any of his dealers or salesmen and that is the reason he caused citation by publication to issue. The defendant did not appear in person or by attorney in the original suit. In the subsequent suit he testified that he did not learn of the judgment until his bank account was garnished. He filed this suit shortly thereafter.

Appellant's point of error No. 1 is as follows:

"The Court committed fundamental error in that it denied Appellant the constitutionally guaranteed due process of law in accordance with the United States Constitution, Fifth Amendment, by its finding that Plaintiff, Appellant herein, has failed to prove by preponderance of the evidence that there was any extrinsic fraud, accident, or mistake which caused rendition of the previous judgment in Cause No. 87,-645–B in the 78th District Court of Wichita County, Texas. (Tr. p. 32). In a suit to set aside an in personam default judgment, evidence that Plaintiff and/or Plaintiff's attorney in the original suit knew of the current address or whereabouts of the Defendant but thereafter made no effort to obtain personal service or even substituted service on the Defendant and relied only on

past difficulty in obtaining service, when substituted service under Vernon's Annotated Rules of Civil Procedure, Rule 106, could undoubtedly been had at his place of work or place of residence, will support a finding that Plaintiff and its attorney fraudulently failed to serve the Defendant with personal service in order to obtain judgment without actual notice to him; to dispense with personal service, the substitute that is most likely to reach the Defendant is the least that ought to be required if substantial justice is to be done and if due process of law is to be obtained."

Appellant's point of error No. 2 is as follows:

"The Court committed error in its finding that the Plaintiff, Appellant herein, failed to establish by a preponderance of the evidence a meritorious defense to the cause of action asserted by Town & Country Mobile Homes, Inc. in Cause No. 87,645–B in the 78th District Court of Wichita County, Texas. A suit to cancel a default judgment in personam for want of jurisdiction, in that only constructive service of Citation by Publication was had and such service was based on a false affidavit, is an independent suit invoking equity jurisdiction of the trial court subject to the four-year statute of limitations and is not a proceeding in the nature of a bill of review or a motion for a new trial subject to the two-year statute of limitations, or requiring a meritorious defense. The procurement of the issuance and service of Citation by Publication by a false affidavit is extrinsic fraud for which a judgment in personam can be cancelled in an independent suit; and such extrinsic fraud exists when the unsuccessful party is kept away from the Court by purposely keeping him in ignorance of the suit. The four-year statute of limitations does not begin to run against a cause of action for cancellation of judgment on grounds of fraud until the fraud is discovered or could have been discovered by reasonable diligence."

In his brief plaintiff states as follows:

"This action is not brought as a bill of review under Texas Rules of Civil Procedure, Rule 329b, which is the correct procedure to set aside voidable judgments. Nor is this action brought as a motion for a new trial on a default judgment following citation by publication within the two-year period allowed to adversely affect defaulting parties for good cause shown in accordance with Texas Rules of Civil Procedure, Rule 329, because this again applies to voidable default judgments. The case at bar is a petition to cancel a void default judgment following citation by publication based on an affidavit for such constructive service containing and constituting such extrinsic fraud as would render the original judgment wholly void from its inception and the court without jurisdiction in the original cause."

 While personal service is always necessary if a judgment in personam is to be rendered against a non-resident of a state, who does not voluntarily appear or otherwise consent to some other method of service, it is a well recognized rule of law that the legislature (or in Texas, the Supreme Court) may make rules authorizing a personal judgment against a resident citizen on the basis of constructive or substitute service. In this state, with regard to its own citizens, the Supreme Court may, in a proper case, authorize the rendition of a judgment in personam on the basis of service by publication. *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142 (1951); *Martin v. Burns,* 80 Tex. 676, 16 S.W. 1072 (1891); 62 Am.Jur.2d (1972 Ed.), Sec. 65, et seq., Process-Substituted and Constructive Service.

In the case of *Sgitcovich v. Sgitcovich,* supra, it is stated:

". . . If personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to. As applied to resident defendants whose existence, names, and places of abode are known, service by publication is not sufficient to constitute due process of law. . . .

" '. . . To dispense with personal service, the substitute that is most likely to

reach the defendant is the least that ought to be required if substantial justice is to be done.' . . .

" . . .

"Before the trial court rendered judgment in this cause he heard testimony regarding the 'reasonably effective (service) to give the defendant notice of the suit.'

. . .

"From all the above evidence heard by the trial court prior to his rendering judgment in this cause, the manner of service of citation in this suit was 'reasonably effective to give the defendant notice of the suit,' and the opportunity to appear and defend same. Therefore, it did not violate the 'due process' clause of the Federal Constitution, Amend. 14."

■ Appellant contends that this judgment is void as distinguished from being voidable and therefore Rule 329b, T. R. C. P., does not apply. We overrule this point.

In *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961) that court stated:

"Rule 329–b, which governs time for filing and time for action on motions for new trial, contains the following provisions:

" 'Judgments * * * shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. *After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause,* filed within the time allowed by law.'

. . .

" . . . Accordingly, we construe the emphasized provision of Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process. This is in harmony with our holding in *Brown v. Clippenger*, 113 Tex. 364, 256 S.W. 254.

. . . . .

" . . . And if he has no meritorious defense to the suit, the setting aside of the judgment would be a vain act and a trespass on the time of the court. If, on the other hand, a defendant has not been negligent in suffering a default judgment to be rendered against him by a court which had jurisdictional power to render it, or in permitting it to become final, and if he has a meritorious defense to the suit, he may still have the suit tried on its merits with the right to require the plaintiff to prove his case and the corresponding right to establish his defense."

That court then stated that this holding is not in conflict with cases in which the court had no jurisdictional power to render the default judgment.

■ Appellant asserts he is not required to prove he had a meritorious defense. We overrule this contention.

In *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950) that court held that in a bill of review proceeding, before a litigant can successfully invoke it to set aside a final judgment, he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own.

It is our opinion and we hold under the facts in this case that the rule in the *Hagedorn* case applies.

Appellant relies upon the case of *Hammond v. Hammond*, 210 S.W.2d 829 (Tex. Civ.App., Galveston, 1948, dism.), a case in which citation by publication was procured by fraud. In that divorce action the husband knew exactly where his wife lived but made a false affidavit to the effect that he

did not know her whereabouts. That court held this action to cancel or set aside such a judgment is a suit in equity in the nature of a bill of review and the two year statute of limitation does not apply and that the statute of limitations for the bill of review does not begin to run until the fraud is discovered or could have been discovered by reasonable diligence.

In the above case the jury affirmatively found that the plaintiff did at all times know where his wife was living, that his affidavit was false, and all the elements of fraud. The appellate court was bound by the findings of fact by the jury. The other cases cited by appellant were cases in which a jury found the affidavit was false and the plaintiff was guilty of fraud.

■ In the case before us, regardless of whether same is in the nature of a bill of review under Rule 329b or some other equitable proceedings, it was necessary for appellant to obtain findings of fact to support his cause of action for equitable relief. The trier of fact found all fact issues against appellant.

■ Appellant testified that he told the manager of Town & Country where he was working, and appellant assumes that this establishes, as a matter of law, that Town & Country knew where he was working. He admitted that this conversation took place four and a half years previous to his testimony, and it took place while he and the manager were drinking and watching a striptease show. The trier of facts had the duty and responsibility of passing upon the credibility of the witness and the weight to be given his testimony.

In the case of *Denton v. Bennett*, 364 S.W.2d 857 (Tex.Civ.App., Fort Worth, 1963, writ ref., n. r. e.) that court held the trial court "was not bound by testimony of any one witness but could accept all, part, or none thereof, or he could accept part of the testimony of one witness and part of another, or draw his own deductions from all the evidence.

"An appellate court will not disturb the findings of the trial court if there is some evidence of probative value to support same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him." See also 24 Tex. Jur.2d, Sec. 705 (1961 Ed.), Evidence—Weight and Sufficiency of Evidence—Weight and Credibility—and the numerous cases therein cited supporting this legal principle.

The trial court's findings of fact contained within the judgment and the judgment itself are supported by evidence of probative value.

Appellant's points of error are overruled.

Judgment affirmed.