NUMBER 13-08-00559-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MARK BECKER, MIKE CYRUS,

JESSE HALL, AND SHERI HAMIT, Appellants,


v.


TROPIC ISLES ASSOCIATION, Appellee.

 




On appeal from the 214th District Court


of Nueces County, Texas.


 




MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Benavides


 Mark Becker, Mike Cyrus, Jesse Hall, and Sheri Hamit ("Becker"), appellants,
appeal from the trial court's entering of summary judgment in favor of Tropic Isles
Association ("Tropic Isles"), appellee. We affirm.


I. Background

 On July 28, 2007, Becker filed a "Motion for Judicial Review of Documentation
Purporting to Create a Lien" ("Motion for Judicial Review"). (1) See Tex. Gov't Code Ann. §
51.903 (Vernon 2005). Becker attached four documents to his Motion for Judicial Review
and asserted that these four documents "are fraudulent . . . and therefore should not be
accorded lien status." (2) On October 10, 2007, without receiving testimony from any party
and without providing notice of its review of the documents to Tropic Isles, the trial court
entered its "Judicial Finding of Fact and Conclusion of Law Regarding Documentation or
Instrument Purporting to Create a Lien or a Claim" ("Judicial Finding of Fact"). 

 On December 14, 2007, Tropic Isles filed a petition for bill of review stating that the
trial court exceeded its authority under section 51.903 when it entered its Judicial Finding
of Fact. (3) See id. (permitting the trial court to determine whether documents or instruments
purporting to create a lien on real property are fraudulent and should not be accorded lien
status). Tropic Isles alleged that its due process rights were violated because it did not
receive notice of Becker's Motion for Judicial Review or of the trial court's proceedings on
the motion. (4) Tropic Isles further argued that Becker's and the trial court's actions
amounted to a declaratory judgment action, of which Tropic Isles should have received
notice.

 On July 21, 2008, Tropic Isles moved for summary judgment on its petition for bill
of review arguing that its due process rights were violated by the granting of a declaratory
judgment action brought against it without notice. Tropic Isles also asserted that Becker
committed fraud on the trial court and prayed that the trial court void and vacate its Judicial
Finding of Fact.

 On August 28, 2008, without stating the grounds therefor, the trial court granted
Tropic Isles's motion for summary judgment and its petition for bill of review, and the trial
court voided and vacated its Judicial Finding of Fact. This appeal ensued.

II. Standard of Review

 We follow the well-settled standard of review for traditional summary judgments. 
We must determine whether the movant has met his burden to establish that no genuine
issue of material fact exists and that he is entitled to summary judgment as a matter of law. 
See Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002). We take as true all evidence that is favorable to the nonmovant and indulge every
reasonable inference and resolve any doubts in the nonmovant's favor. Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). When, as here, the trial court does not delineate the
grounds upon which it granted summary judgment, we will affirm the traditional summary
judgment if any of the grounds stated in the motion is meritorious. W. Invs., Inc. v. Urena,
162 S.W.3d 547, 550 (Tex. 2005).

III. Analysis

 In its motion for summary judgment, Tropic Isles contended that it was entitled to
judgment as a matter of law on its bill of review because it was denied proper service of
process. See Caldwell v. Barnes, 154 S.W.3d 93, 96-97 (Tex. 2004) (stating that bill of
review plaintiffs asserting lack of service are entitled to granting of bill of review when they
prove lack of service). To resolve this issue, we must answer two questions: (1) whether
Becker's Motion for Judicial Review was a proper section 51.903 motion, which does not
require notice, or was a motion seeking a declaratory judgment, which does require notice;
and (2) if Becker's Motion for Judicial Review was a declaratory judgment action, whether
the trial court applied the proper bill of review standard. See Tex. Gov't Code Ann. §
51.903; Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) (Vernon 2008) ("When declaratory
relief is sought, all persons who have or claim any interest that would be affected by the
declaration must be made parties."); Tex. R. Civ. P. 21; Conseco Fin. Servicing v. Klein
Indep. Sch. Dist., 78 S.W.3d 666, 676 (Tex. App.-Houston [14th Dist.] 2002, no pet.) ("The
requirement of due process of law is met if the notice prescribed affords the party a fair
opportunity to appear and defend its interests.") (citing Sgitcovich v. Sgitcovich, 150 Tex.
398, 404, 241 S.W.2d 142, 146 (1951)).

A. Section 51.903 Motion or Declaratory Judgment Action

 Becker contends that government code section 51.903 provides the authority for his
Motion for Judicial Review. See Tex. Gov't Code Ann. § 51.903. Section 51.903, entitled
"Action on Fraudulent Lien on Property," provides in pertinent part:

 A person who is the purported debtor or obligor or who owns real or personal
property or an interest in real or personal property and who has reason to
believe that the document purporting to create a lien or a claim against the
real or personal property or an interest in the real or personal property
previously filed or submitted for filing and recording is fraudulent may
complete and file with the district clerk a motion . . . .


Id. § 51.903(a). The movant may attach the allegedly fraudulent documentation or
instrument to the motion. Id. Section 51.903 contains a suggested form for the motion and
a suggested form of judgment. See id. § 51.903(a) (motion form), (g) (order form for
judicial findings of fact and conclusions of law). Section 51.903 further states, "The court's
finding may be made solely on a review of the documentation or instrument attached to the
motion and without hearing any testimonial evidence. The court's review may be made ex
parte without delay or notice of any kind." Id. § 51.903(c). 

 "Fraudulent document or instrument," as used by section 51.903, is defined as: (1)
a document or instrument that "is not a document or instrument provided for by the
constitution or laws of this state or of the United States"; (2) a document or instrument "not
created by implied or express consent or agreement of the obligor, debtor, or the owner
of the real or personal property or an interest in the real or personal property . . ., or by
implied or express consent or agreement of an agent, fiduciary, or other representative of
that person"; or (3) a document or instrument that "is not an equitable, constructive, or
other lien imposed by a court with jurisdiction created or established under the constitution
or laws of this state or of the United States." Id. § 51.901(c)(2) (Vernon Supp. 2009); see
id. § 51.903(a).

 Under section 51.903, the trial court is expressly limited to determining whether the
document or instrument is fraudulent; it may not rule on the validity of the underlying lien
or other claims. Id. § 51.903(a), (g); see also In re Hart, No. 07-98-0292-CV, 1999 WL
225956, at *2 (Tex. App.-Amarillo Apr. 15, 1999, no pet.) (not designated for publication). 
Tropic Isles argues that, in ruling on Becker's Motion for Judicial Review, the trial court did
more than determine whether the documents attached to the motion were fraudulent; it
declared, among other things, that Tropic Isles did not exist. Tropic Isles further asserts
that the trial court, by taking such action, converted Becker's Motion for Judicial Review
into a declaratory judgment. We agree.

 In his Motion for Judicial Review, Becker used the form provided in section
51.903(a) as an outline for his pleading. See Tex. Gov't Code Ann. § 51.903(a). 
Specifically, Becker's "Prayer" stated the following:

 For the above reasons[,] the Movants ask the court to sign an order
determining whether Document #949619, Document #972386, and Document #989438
should be accorded lien status. The Movants ask the court for an order declaring that the
1956 Landowner's Agreement has expired and cannot be used to create a lien against the
Movants' properties. The Movants' [sic] ask the court to make other orders as the court
deems appropriate.


Throughout his Motion for Judicial Review, Becker repeatedly asked the court to:

 declare that the [sic] Documents [sic] #939619, Document #972386, and
Document #989438 are fraudulent under the meaning of section 51.903 of
the Government Code and that those documents do not provide the
development committee with the authority to create liens or to create a
mandatory homeowner's association with the power to create liens.


 In its Judicial Finding of Fact, the trial court determined that: (1) "the Tropic Isles
Landowners Association . . . expired on April 30[,] 1981"; (2) "the expired Tropic Isles
Landowners' Agreement has no force or effect in law and does not support a claim to
create a lien or create a landowner's association with a right to create a lien"; and (3)
document numbers 949619, 972386, and 989438 are "fraudulent under the meaning of
s.51 [sic] of the Government Code and does [sic] not provide the authority for the creation
of liens or the creation of a homeowner's association with the powers to create liens." The
Judicial Finding of Fact contained the boilerplate language in the suggested form in section
51.903, stating, "This court makes no finding as to any underlying claims of the parties
involved, and expressly limits its finding of fact and conclusion of law to the review of a
ministerial act . . . ."

 "'[T]he legal effect of a pleading in Texas is not determined by its style or name, but
by its contentions and purpose.'" Krishnan v. Ramirez, 42 S.W.3d 205, 224 (Tex.
App.-Corpus Christi 2001, pet. denied) (quoting Guerrero v. Standard Alloys Mfg. Co., 598
S.W.2d 656, 657-58 (Tex. Civ. App.-Beaumont 1980, writ ref'd n.r.e.)). Here, Becker's
Motion for Judicial Review requested greater relief than section 51.903 provides. See Tex.
Gov't Code Ann. § 51.903. Section 51.903 permits the trial court to determine only
whether the document or instrument purporting to create a lien is fraudulent. Id. Becker
requested rulings on the expiration of the "Landowner's Agreement" and on whether the
other three documents "provide the development committee with the authority to create
liens or to create a mandatory homeowner's association with the power to create liens." 
The trial court expressly ruled that the "Landowner's Agreement" had expired and that the
other three documents do "not provide the authority for the creation of liens or the creation
of a homeowner's association with the powers to create liens." By asking the trial court to
issue rulings beyond whether the challenged documents were fraudulent under section
51.901(c)(2), Becker converted his Motion for Judicial Review into an action seeking a
declaration of the rights of Tropic Isles. We conclude that the trial court's Judicial Finding
of Fact amounted to a declaratory judgment; therefore, Tropic Isles was entitled to notice
and an opportunity to be heard, which it did not receive. See Tex. Civ. Prac. & Rem. Code
Ann. § 37.006(a); Tex. R. Civ. P. 21; Conseco Fin. Servicing, 78 S.W.3d at 676 (citing
Sgitcovich, 150 Tex. at 404, 241 S.W.2d at 146).

B. Bill of Review

 Having determined that Becker's Motion for Judicial Review actually sought
declaratory relief, we must now decide whether the trial court applied the proper bill of
review standard.

 Tropic Isles argues that, to prevail on its bill of review, it was only required to prove
lack of notice. Becker contends that the four-part test of Flores v. Flores was the proper
standard to apply to Tropic Isles's bill of review. See 116 S.W.3d 870, 874 (Tex.
App.-Corpus Christi 2003, no pet). We agree with Tropic Isles.

 The traditional bill of review standard requires bill of review plaintiffs to plead and
prove: "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs
were prevented from making by the fraud, accident or wrongful act of the opposing party
or official mistake, (3) unmixed with any fault or negligence on their own part." Caldwell
v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). In Flores, we stated, "Where there
has been a trial on the merits, a losing defendant can only seek relief by bill of review if the
chance to file a motion for new trial or appeal has been lost." 116 S.W.3d at 874. Thus,
we noted that the traditional bill of review plaintiff must prove, in addition to the three
elements listed in Caldwell, "a failure to file a motion for new trial or a failure to advance
an appeal . . . ." Id.; see Caldwell, 154 S.W.3d at 96.

 In Caldwell, the Texas Supreme Court held that "[b]ill of review plaintiffs claiming
non-service . . . are relieved of the" burden of proving a meritorious defense and "from
showing that fraud, accident, wrongful act or official mistake prevented [it] from preventing
such a defense." Caldwell, 154 S.W.3d at 96. Bill of review plaintiffs asserting lack of
service conclusively establish the third element by proving that they were never served with
process. Id.; see Ross v. Nat'l Ctr. for the Employment of the Disabled, 197 S.W.3d 795,
797 (Tex. 2006) (per curiam).

 The fact that Tropic Isles did not receive notice of Becker's Motion for Judicial
Review and the proceeding thereon is uncontroverted. Tropic Isles attached the affidavit
of Art Schultz to its motion for summary judgment. Schultz stated that neither he nor
Tropic Isles was served with process concerning Becker's Motion for Judicial Review. In
his brief to this Court, Becker confirmed that no notice of his Motion for Judicial Review
was sent to Tropic Isles until after the trial court issued its Judicial Finding of Fact. (5) 
Additionally, the trial court's Judicial Finding of Fact recites that there was no notice of its
review of Becker's Motion for Judicial Review. We conclude that, under Caldwell, by
proving that it did not receive notice of Becker's Motion for Judicial Review and the
proceedings thereon, Tropic Isles conclusively established that no genuine issue of
material fact exists and that it was entitled to summary judgment as a matter of law. (6) See
Caldwell, 154 S.W.3d at 96; Ross, 197 S.W.3d at 797. We overrule Becker's challenge
to the trial court's summary judgment granting Tropic Isles's petition for bill of review.


IV. Conclusion

 Having overruled Becker's appellate issue, we affirm the judgment of the trial court. (7) 



 _______________________________

 GINA M. BENAVIDES,

 Justice

 

Delivered and filed the

11th day of March, 2010.

1. Trial court cause number 07-3790-F.
2. The documents Becker attached to and challenged in his Motion for Judicial Review were the
following: (1) "The Tropic Isles Landowners' Agreement"; (2) document number 949619, entitled
"Restrictions"; (3) document number 972386, also entitled "Restrictions"; and (4) document number 989438,
entitled "The Tropic Isles Association Bylaws." Becker also attached to his Motion for Judicial Review a
spreadsheet, which Becker stated was a "list of recorded documents from 1982 to the present that assert a
right to a lien against property with Tropic Isles Subdivision based upon the expired Tropic Isles Landowners[']
Agreement Vol. 759 pg. [sic] 449-452." Becker did not attach the specific documents listed in the spreadsheet
and did not ask the trial court to determine whether, under sections 51.901(c)(2) and 51.903 of the
government code, the documents were fraudulent and should not be accorded lien status. See Tex. Gov't
Code Ann. §§ 51.901(c)(2), 51.903 (Vernon 2005 & Supp. 2009). 
3. Trial court cause number 07-6654-F.
4. On November 6, 2007, Art Schultz, president of the Tropic Isles Association, sent an email to the
trial court asserting that the issues raised by Becker's Motion for Judicial Review had previously been decided
by this Court. See Reed v. Tropic Isles Homeowners Assoc., No. 13-02-220-CV, 2004 Tex. App. LEXIS
11324, at *2 (Tex. App.-Corpus Christi Dec. 16, 2004, pet. denied). Schultz erred in his interpretation of our
holding in that case. In Reed, we did not address whether the various documents were in fact fraudulent as
Reed asserted. See id. We held only that the trial court acted outside its plenary power when it amended its
original order and that the trial court properly granted summary judgment on this ground. Id. at **8-9. Tropic
Isles repeated this argument in its petition for bill of review. While we appreciate aggressive advocacy on a
client's behalf, we encourage parties to accurately state our holdings to trial courts.
5. Section 51.903 requires the trial court to send "[a] copy of the finding of fact and conclusion of
law . . . by first class mail, to the movant and to the person who filed the fraudulent lien or claim . . . within
seven days of the date" that the trial court issues its finding of fact and conclusion of law. Tex. Gov't Code
Ann. § 51.903(e). Here, the trial court complied with this requirement.
6. On appeal, Becker asserts that the trial court erred by not requiring Tropic Isles to prove that it had
exhausted other remedies available subsequent to the trial court's issuing its Judicial Finding of Fact. See
Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999) ("If legal remedies were available but ignored,
relief by equitable bill of review is unavailable."). Becker contends that Tropic Isles could have filed a motion
to reinstate or for new trial, or it could have perfected a direct appeal from the trial court's Judicial Finding of
Fact. However, because Tropic Isles did not receive notice of what was actually a declaratory judgment, it
had no duty to participate in the proceedings. See Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex. 1990) ("Absent
service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act.").
7. Becker argues that equity requires this Court to reverse the granting of summary judgment in favor
of Tropic Isles because Tropic Isles "has shown a repeated pattern of abusing the Nueces County [r]ecording
system by filing documents that contain false statements," including "over one-hundred [sic] (100) documents
where [it] claims to have . . . secured liens against property owners in the Tropic Isles Subdivision through the
enforcement" of the allegedly expired Tropic Isles Landowners Agreement. Having affirmed the summary
judgment on grounds presented in Tropic Isles's motion for summary judgment, we do not reach this equitable
argument. See Tex. R. App. P. 47.1; W. Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005) (noting
that when the trial court does not state the grounds upon which summary judgment is granted, we affirm if any
grounds are meritorious).