

# NUMBER 13-08-00559-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MARK BECKER, MIKE CYRUS,
JESSE HALL, AND SHERI HAMIT,                               Appellants,

v.

TROPIC ISLES ASSOCIATION,                                   Appellee.

---

## On appeal from the 214th District Court
## of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Benavides

Mark Becker, Mike Cyrus, Jesse Hall, and Sheri Hamit ("Becker"), appellants, appeal from the trial court's entering of summary judgment in favor of Tropic Isles Association ("Tropic Isles"), appellee. We affirm.

## I. BACKGROUND

On July 28, 2007, Becker filed a "Motion for Judicial Review of Documentation Purporting to Create a Lien" ("Motion for Judicial Review").[1] *See* TEX. GOV'T CODE ANN. § 51.903 (Vernon 2005). Becker attached four documents to his Motion for Judicial Review and asserted that these four documents "are fraudulent . . . and therefore should not be accorded lien status."[2] On October 10, 2007, without receiving testimony from any party and without providing notice of its review of the documents to Tropic Isles, the trial court entered its "Judicial Finding of Fact and Conclusion of Law Regarding Documentation or Instrument Purporting to Create a Lien or a Claim" ("Judicial Finding of Fact").

On December 14, 2007, Tropic Isles filed a petition for bill of review stating that the trial court exceeded its authority under section 51.903 when it entered its Judicial Finding of Fact.[3] *See id.* (permitting the trial court to determine whether documents or instruments purporting to create a lien on real property are fraudulent and should not be accorded lien status). Tropic Isles alleged that its due process rights were violated because it did not receive notice of Becker's Motion for Judicial Review or of the trial court's proceedings on

---

[1] Trial court cause number 07-3790-F.

[2] The documents Becker attached to and challenged in his Motion for Judicial Review were the following: (1) "The Tropic Isles Landowners' Agreement"; (2) document number 949619, entitled "Restrictions"; (3) document number 972386, also entitled "Restrictions"; and (4) document number 989438, entitled "The Tropic Isles Association Bylaws." Becker also attached to his Motion for Judicial Review a spreadsheet, which Becker stated was a "list of recorded documents from 1982 to the present that assert a right to a lien against property with Tropic Isles Subdivision based upon the expired Tropic Isles Landowners['] Agreement Vol. 759 pg. [sic] 449-452." Becker did not attach the specific documents listed in the spreadsheet and did not ask the trial court to determine whether, under sections 51.901(c)(2) and 51.903 of the government code, the documents were fraudulent and should not be accorded lien status. *See* TEX. GOV'T CODE ANN. §§ 51.901(c)(2), 51.903 (Vernon 2005 & Supp. 2009).

[3] Trial court cause number 07-6654-F.

the motion.[4] Tropic Isles further argued that Becker's and the trial court's actions amounted to a declaratory judgment action, of which Tropic Isles should have received notice.

On July 21, 2008, Tropic Isles moved for summary judgment on its petition for bill of review arguing that its due process rights were violated by the granting of a declaratory judgment action brought against it without notice. Tropic Isles also asserted that Becker committed fraud on the trial court and prayed that the trial court void and vacate its Judicial Finding of Fact.

On August 28, 2008, without stating the grounds therefor, the trial court granted Tropic Isles's motion for summary judgment and its petition for bill of review, and the trial court voided and vacated its Judicial Finding of Fact. This appeal ensued.

## II. STANDARD OF REVIEW

We follow the well-settled standard of review for traditional summary judgments. We must determine whether the movant has met his burden to establish that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). We take as true all evidence that is favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Science Spectrum, Inc. v. Martinez*, 941

---

[4] On November 6, 2007, Art Schultz, president of the Tropic Isles Association, sent an email to the trial court asserting that the issues raised by Becker's Motion for Judicial Review had previously been decided by this Court. *See Reed v. Tropic Isles Homeowners Assoc.*, No. 13-02-220-CV, 2004 Tex. App. LEXIS 11324, at *2 (Tex. App.–Corpus Christi Dec. 16, 2004, pet. denied). Schultz erred in his interpretation of our holding in that case. In *Reed*, we did not address whether the various documents were in fact fraudulent as Reed asserted. *See id.* We held only that the trial court acted outside its plenary power when it amended its original order and that the trial court properly granted summary judgment on this ground. *Id.* at **8-9. Tropic Isles repeated this argument in its petition for bill of review. While we appreciate aggressive advocacy on a client's behalf, we encourage parties to accurately state our holdings to trial courts.

S.W.2d 910, 911 (Tex. 1997). When, as here, the trial court does not delineate the grounds upon which it granted summary judgment, we will affirm the traditional summary judgment if any of the grounds stated in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

### III. ANALYSIS

In its motion for summary judgment, Tropic Isles contended that it was entitled to judgment as a matter of law on its bill of review because it was denied proper service of process. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96-97 (Tex. 2004) (stating that bill of review plaintiffs asserting lack of service are entitled to granting of bill of review when they prove lack of service). To resolve this issue, we must answer two questions: (1) whether Becker's Motion for Judicial Review was a proper section 51.903 motion, which does not require notice, or was a motion seeking a declaratory judgment, which does require notice; and (2) if Becker's Motion for Judicial Review was a declaratory judgment action, whether the trial court applied the proper bill of review standard. *See* TEX. GOV'T CODE ANN. § 51.903; TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (Vernon 2008) ("When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties."); TEX. R. CIV. P. 21; *Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 676 (Tex. App.–Houston [14th Dist.] 2002, no pet.) ("The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend its interests.") (citing *Sgitcovich v. Sgitcovich*, 150 Tex. 398, 404, 241 S.W.2d 142, 146 (1951)).

### A. Section 51.903 Motion or Declaratory Judgment Action

Becker contends that government code section 51.903 provides the authority for his Motion for Judicial Review. *See* TEX. GOV'T CODE ANN. § 51.903. Section 51.903, entitled

"Action on Fraudulent Lien on Property," provides in pertinent part:

> A person who is the purported debtor or obligor or who owns real or personal property or an interest in real or personal property and who has reason to believe that the document purporting to create a lien or a claim against the real or personal property or an interest in the real or personal property previously filed or submitted for filing and recording is fraudulent may complete and file with the district clerk a motion . . . .

*Id.* § 51.903(a). The movant may attach the allegedly fraudulent documentation or instrument to the motion. *Id.* Section 51.903 contains a suggested form for the motion and a suggested form of judgment. *See id.* § 51.903(a) (motion form), (g) (order form for judicial findings of fact and conclusions of law). Section 51.903 further states, "The court's finding may be made solely on a review of the documentation or instrument attached to the motion and without hearing any testimonial evidence. The court's review may be made ex parte without delay or notice of any kind." *Id.* § 51.903(c).

"Fraudulent document or instrument," as used by section 51.903, is defined as: (1) a document or instrument that "is not a document or instrument provided for by the constitution or laws of this state or of the United States"; (2) a document or instrument "not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property . . ., or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person"; or (3) a document or instrument that "is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States." *Id.* § 51.901(c)(2) (Vernon Supp. 2009); *see id.* § 51.903(a).

Under section 51.903, the trial court is expressly limited to determining whether the document or instrument is fraudulent; it may not rule on the validity of the underlying lien

5

or other claims. *Id.* § 51.903(a), (g); *see also In re Hart*, No. 07-98-0292-CV, 1999 WL 225956, at *2 (Tex. App.–Amarillo Apr. 15, 1999, no pet.) (not designated for publication). Tropic Isles argues that, in ruling on Becker's Motion for Judicial Review, the trial court did more than determine whether the documents attached to the motion were fraudulent; it declared, among other things, that Tropic Isles did not exist. Tropic Isles further asserts that the trial court, by taking such action, converted Becker's Motion for Judicial Review into a declaratory judgment. We agree.

In his Motion for Judicial Review, Becker used the form provided in section 51.903(a) as an outline for his pleading. *See* TEX. GOV'T CODE ANN. § 51.903(a). Specifically, Becker's "Prayer" stated the following:

> For the above reasons[,] the Movants ask the court to sign an order determining whether Document #949619, Document #972386, and Document #989438 should be accorded lien status. The Movants ask the court for an order declaring that the 1956 Landowner's Agreement has expired and cannot be used to create a lien against the Movants' properties. The Movants' [sic] ask the court to make other orders as the court deems appropriate.

Throughout his Motion for Judicial Review, Becker repeatedly asked the court to:

> declare that the [sic] Documents [sic] #939619, Document #972386, and Document #989438 are fraudulent under the meaning of section 51.903 of the Government Code and that those documents do not provide the development committee with the authority to create liens or to create a mandatory homeowner's association with the power to create liens.

In its Judicial Finding of Fact, the trial court determined that: (1) "the Tropic Isles Landowners Association . . . expired on April 30[,] 1981"; (2) "the expired Tropic Isles Landowners' Agreement has no force or effect in law and does not support a claim to create a lien or create a landowner's association with a right to create a lien"; and (3) document numbers 949619, 972386, and 989438 are "fraudulent under the meaning of s.51 [sic] of the Government Code and does [sic] not provide the authority for the creation

6

of liens or the creation of a homeowner's association with the powers to create liens." The Judicial Finding of Fact contained the boilerplate language in the suggested form in section 51.903, stating, "This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act . . . ."

"'[T]he legal effect of a pleading in Texas is not determined by its style or name, but by its contentions and purpose.'" *Krishnan v. Ramirez*, 42 S.W.3d 205, 224 (Tex. App.–Corpus Christi 2001, pet. denied) (quoting *Guerrero v. Standard Alloys Mfg. Co.*, 598 S.W.2d 656, 657-58 (Tex. Civ. App.–Beaumont 1980, writ ref'd n.r.e.)). Here, Becker's Motion for Judicial Review requested greater relief than section 51.903 provides. *See* TEX. GOV'T CODE ANN. § 51.903. Section 51.903 permits the trial court to determine only whether the document or instrument purporting to create a lien is fraudulent. *Id.* Becker requested rulings on the expiration of the "Landowner's Agreement" and on whether the other three documents "provide the development committee with the authority to create liens or to create a mandatory homeowner's association with the power to create liens." The trial court expressly ruled that the "Landowner's Agreement" had expired and that the other three documents do "not provide the authority for the creation of liens or the creation of a homeowner's association with the powers to create liens." By asking the trial court to issue rulings beyond whether the challenged documents were fraudulent under section 51.901(c)(2), Becker converted his Motion for Judicial Review into an action seeking a declaration of the rights of Tropic Isles. We conclude that the trial court's Judicial Finding of Fact amounted to a declaratory judgment; therefore, Tropic Isles was entitled to notice and an opportunity to be heard, which it did not receive. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a); TEX. R. CIV. P. 21; *Conseco Fin. Servicing*, 78 S.W.3d at 676 (citing

*Sgitcovich*, 150 Tex. at 404, 241 S.W.2d at 146).

**B.    Bill of Review**

Having determined that Becker's Motion for Judicial Review actually sought declaratory relief, we must now decide whether the trial court applied the proper bill of review standard.

Tropic Isles argues that, to prevail on its bill of review, it was only required to prove lack of notice.  Becker contends that the four-part test of *Flores v. Flores* was the proper standard to apply to Tropic Isles's bill of review.  *See* 116 S.W.3d 870, 874 (Tex. App.–Corpus Christi 2003, no pet).  We agree with Tropic Isles.

The traditional bill of review standard requires bill of review plaintiffs to plead and prove:  "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part."  *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam).  In *Flores*, we stated, "Where there has been a trial on the merits, a losing defendant can only seek relief by bill of review if the chance to file a motion for new trial or appeal has been lost."  116 S.W.3d at 874.  Thus, we noted that the traditional bill of review plaintiff must prove, in addition to the three elements listed in *Caldwell*, "a failure to file a motion for new trial or a failure to advance an appeal . . . ."  *Id.*; *see Caldwell*, 154 S.W.3d at 96.

In *Caldwell*, the Texas Supreme Court held that "[b]ill of review plaintiffs claiming non-service . . . are relieved of the" burden of proving a meritorious defense and "from showing that fraud, accident, wrongful act or official mistake prevented [it] from preventing such a defense."  *Caldwell*, 154 S.W.3d at 96.  Bill of review plaintiffs asserting lack of

8

service conclusively establish the third element by proving that they were never served with process. *Id.*; *see Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam).

The fact that Tropic Isles did not receive notice of Becker's Motion for Judicial Review and the proceeding thereon is uncontroverted. Tropic Isles attached the affidavit of Art Schultz to its motion for summary judgment. Schultz stated that neither he nor Tropic Isles was served with process concerning Becker's Motion for Judicial Review. In his brief to this Court, Becker confirmed that no notice of his Motion for Judicial Review was sent to Tropic Isles until after the trial court issued its Judicial Finding of Fact.[5] Additionally, the trial court's Judicial Finding of Fact recites that there was no notice of its review of Becker's Motion for Judicial Review. We conclude that, under *Caldwell*, by proving that it did not receive notice of Becker's Motion for Judicial Review and the proceedings thereon, Tropic Isles conclusively established that no genuine issue of material fact exists and that it was entitled to summary judgment as a matter of law.[6] *See Caldwell*, 154 S.W.3d at 96; *Ross*, 197 S.W.3d at 797. We overrule Becker's challenge to the trial court's summary judgment granting Tropic Isles's petition for bill of review.

---

[5] Section 51.903 requires the trial court to send "[a] copy of the finding of fact and conclusion of law . . . by first class mail, to the movant and to the person who filed the fraudulent lien or claim . . . within seven days of the date" that the trial court issues its finding of fact and conclusion of law. TEX. GOV'T CODE ANN. § 51.903(e). Here, the trial court complied with this requirement.

[6] On appeal, Becker asserts that the trial court erred by not requiring Tropic Isles to prove that it had exhausted other remedies available subsequent to the trial court's issuing its Judicial Finding of Fact. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) ("If legal remedies were available but ignored, relief by equitable bill of review is unavailable."). Becker contends that Tropic Isles could have filed a motion to reinstate or for new trial, or it could have perfected a direct appeal from the trial court's Judicial Finding of Fact. However, because Tropic Isles did not receive notice of what was actually a declaratory judgment, it had no duty to participate in the proceedings. *See Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) ("Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act.").

## IV. CONCLUSION

Having overruled Becker's appellate issue, we affirm the judgment of the trial court.[7]

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
11th day of March, 2010.

---

[7] Becker argues that equity requires this Court to reverse the granting of summary judgment in favor of Tropic Isles because Tropic Isles "has shown a repeated pattern of abusing the Nueces County [r]ecording system by filing documents that contain false statements," including "over one-hundred [sic] (100) documents where [it] claims to have . . . secured liens against property owners in the Tropic Isles Subdivision through the enforcement" of the allegedly expired Tropic Isles Landowners Agreement. Having affirmed the summary judgment on grounds presented in Tropic Isles's motion for summary judgment, we do not reach this equitable argument. *See* TEX. R. APP. P. 47.1; *W. Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (noting that when the trial court does not state the grounds upon which summary judgment is granted, we affirm if any grounds are meritorious).

10